```
                                                  USDC SDNY
                                                  DOCUMENT
                                                  ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                      DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                     DATE FILED: December 14, 2011
-------------------------------------------------------X
SOVEREIGN BANK,                                :
                                                        11 Civ. 01063 (PAC)
                      Plaintiff,               :
      -against-
                                               :        ORDER & OPINION
USA FINANCIAL SERVICES, LLC and
JAMES A. MOSCATELLO                            :

                      Defendants.              :
-------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Sovereign Bank ("Plaintiff") brings this action for (1) breach of loan or security agreement, against USA Financial Services, LLC ("USA Financial") ("Count One"); (2) breach of note, against USA Financial ("Count Two"); (3) breach of guarantor contract, against James A. Moscatello ("Moscatello") ("Count Three"); (4) unjust enrichment, against USA Financial and Moscatello (collectively, the "Defendants") ("Count Four"); and (5) fraud, against the Defendants ("Count Five").

Plaintiff moves for partial summary judgment, pursuant to Fed.R.Civ.P. 56, on Counts One, Two, and Three.

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate where the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. See Celotex Corp. v.

1

Catrett, 477 U.S. 317, 323 (1986). The evidence on each material element must be sufficient to entitle the movant to relief as a matter of law. See Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

Once the moving party has made an initial showing that no genuine issue of material fact remains, the nonmoving party may not refute this showing solely by means of "[c]onclusory allegations, conjecture, and speculation," Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir.2003) (internal citations and quotations omitted), but must instead present specific evidence in support of its contention that there is a genuine dispute as to material facts. Fed. R. Civ. P. 56(e). The court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).

"In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder." Orix Credit Alliance, Inc. v. Bell Realty, Inc., No. 93 Civ. 4949, 1995 WL 505891, at *3 (S.D.N.Y. Aug. 23, 1995). If plaintiff establishes its entitlement to summary judgment, the burden shifts to the defendants to show evidence that creates a "triable issue of fact with respect to some defense to plaintiff's recovery on the notes and guarantees." I.P.L. Corp. v. Indus. Power & Lighting Corp., 609 N.Y.S.2d 472 (N.Y. App. Div. 4th Dep't 1994).

## ANALYSIS

There is no dispute that Plaintiff entered into two loan agreements with USA Financial—a Loan and Security Agreement, upon which Count One is based, and a Business Loan Agreement, upon which Count Two is based. (See Moscatello Aff. ¶ 2.) Moscatello guaranteed each of these agreements, which is the basis for Count Three. (See Moscatello Aff. ¶ 2.) Under the Loan and

Security Agreement, executed by the parties on February 8, 2005, Plaintiff would make certain loans or other advances available to USA Financial in order for it to purchase and lease cars. (See Moscatello Aff. ¶¶ 2, 3; Brandow Aff. Ex. A.) USA Financial was the named lessor on the original lease agreements, although it issued a loan receipt and lease assignment to Plaintiff for each lease. (See Moscatello Aff. ¶ 4.) Plaintiff received monthly payments on the leases directly from the lessees. (See Moscatello Aff. ¶ 5.) Under the Business Loan Agreement, executed by the parties on or around December 27, 2006, Plaintiff loaned USA Financial $250,000. (Brandow Aff. Ex. D at 6-7.)

There is no dispute that USA Financial discontinued its business, triggering defaults under both loan agreements. (See Brandow Aff. ¶ 14; Ex. A ¶ 13(f); Ex. D at 4). Upon an event of default, Plaintiff had the right to accelerate the indebtedness and declare it immediately due and payable. (Ex. A ¶ 14; Ex. D at 4.) Plaintiff elected to exercise its right and did so. (Giusti Aff. ¶ 5.) Defendants have not paid Plaintiff the full amount of their obligations under the two loan agreements. Accordingly, Plaintiff has established its prima facie entitlement to summary judgment on Counts One, Two, and Three. See Washington Mut. Bank, FA v. Peak Health Club, Inc., 853 N.Y.S.2d 112, 117 (N.Y. App. Div. 2d Dep't 2008) ("On its motion for summary judgment on the issue of liability on its causes of action seeking to hold Marshel liable for the outstanding indebtedness under its note, WaMu demonstrated its entitlement to judgment as a matter of law by establishing that there had been an 'event of default,' and that Marsh[e]l could be held personally liable for the amounts due under the note.").

Defendants argue that triable issues of fact exists as to (1) the amount of damages; and (2) whether Defendants are actually in default because (a) Plaintiff cannot accelerate the indebtedness due to the third party leases still in effect, and (b) there is no documentation to show the monies Plaintiff received directly from the lessees and from any sale of the lease vehicles.

Defendants have not offered any persuasive reasoning for disregarding the parties' contractual agreement that in an event of default, Plaintiff has the right to accelerate the indebtedness and declare payment of unpaid principal due.  See Moet II v. McCarthy, 646 N.Y.S.2d 64 (N.Y. App. Div. 3rd Dep't 1996) (noting that a party must offer persuasive reasoning to dispense with the event of default contractual requirements).  Plaintiff loaned USA Financial money to enter into third party leases.  The existence of these third party leases, therefore, is not a sufficient reason to disregard the loans' contractual provisions.  Defendants' conclusory allegation to the contrary is insufficient to create a triable issue of fact.  See Money Store of New York, Inc. v. Kuprianchik, 658 N.Y.S.2d 1019 (1997) ("The defendant's conclusory and speculative assertions that the underlying loan was discharged or modified, thereby negating his guarantee, were insufficient to raise a triable issue of fact and defeat the plaintiff's motion").

Defendants also argue that there is no evidence of a default because there is no documentation showing the monies Plaintiff received directly from the lessees and from sales of the lease vehicles, which they argue may cover Defendants' payment obligations.  This is wishful thinking.  An event of default occurred when USA Financial discontinued its business and stopped paying its debts.  Defendants have not paid the full amount outstanding on the loans.  Whether Defendants should be credited for payments made by third party lessees does not create a triable issue of fact as to Defendants' liability.  See Layden v. Boccio, 686 N.Y.S.2d 763 (N.Y. App. Div. 2d Dep't 1998) (holding that "[w]hile there may be an issue of fact as to whether [defendant] should be credited for payments he made in the sum of approximately $5,000, this circumstance does not warrant the denial of summary judgment on the issue of liability.").  Since there is no triable issue of fact on USA Financial's liability under the two loan agreements, and Moscatello's liability under the guarantee, the Court grants Plaintiff's motion for summary judgment with respect to Defendants' liability under

Counts One, Two, and Three.

Defendants do not dispute that they owe Plaintiff $250,000, plus interest accruing at 4.25% per annum, under the Business Loan Agreement. (Brandow Aff. ¶ 8; Ex. D at 6-7; Ex. E at 1.) Interest has been accruing since Defendants defaulted in October 2010. (Brandow Aff. ¶ 15.) Accordingly, the Court grants Plaintiff's motion for summary judgment with respect to the amount due under the Business Loan Agreement.

There are triable questions of fact, however, as to the amount Defendants owe Plaintiff under the Loan and Security Agreement. It has not been established how much money the Plaintiff received from the lessees and any sale of lease vehicles. Accordingly, the Court denies Plaintiff's motion for summary judgment on the amount due under the Loan and Security Agreement.

## **CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for summary judgment. Specifically, the Court grants Plaintiff's motion as to USA Financial's liability under Counts One and Two, and Moscatello's liability under Count Three. The Court grants Plaintiff's motion as to the amount due under the Business Loan Agreement, and finds Defendants owe Plaintiff $250,000, plus 4.25% interest per annum, running from October 31, 2010 through December 14, 2011. The Court denies Plaintiff's motion as to the amount due under the Loan and Security Agreement.

The Clerk of the Court is directed to terminate this motion (Dkt. No. 10) and to calculate Defendants liability under the Business Loan Agreement, which amounts to $250,000, plus 4.25% interest per annum, running from October 31, 2010 through December 14, 2011.

The Court's stay of all discovery from Defendants, pending a resolution in the criminal matter, remains in effect. Defendants are to continue to submit a status report letter to the Court every 60 days, setting forth the status of the criminal matter. Defendants are permitted, however, to take discovery from Plaintiff regarding the amount due under the Loan Security Agreement.

Dated: New York, New York
December 14, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge